# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FRANCIS MICHAEL LONGOBARDO,

        Plaintiff,

v.                                         Case No:   6:21-cv-1255-GKS-LRH

COMMISSIONER OF SOCIAL SECURITY

        Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEY'S FEES (Doc. No. 23)**
>
> **FILED:**     **January 24, 2022**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.   BACKGROUND.

On August 4, 2021, Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of an application

for disability benefits. Doc. No. 1. On October 19, 2021, the Commissioner filed an unopposed motion to remand the matter for further proceedings. Doc. No. 19. On October 25, 2021, the Court entered an order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 21 (adopting Doc. No. 20). Judgment was thereafter entered in favor of Plaintiff and against the Commissioner on October 26, 2021. Doc. No. 22.

On January 24, 2022, Plaintiff filed a motion requesting an award of $763.37 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. No. 23. The Commissioner does not oppose the motion. Doc. No. 23, at 3. The motion has been referred to the undersigned, and the matter is ripe for review.[1]

## II.    DISCUSSION.

### A.    Eligibility for EAJA Fees.

A party may recover an award of attorney fees against the government provided that the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the

---

[1] On October 6, 2021, the parties filed a completed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, Doc. No. 16, but that consent has not been approved by the presiding District Judge.

government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

          1.     *Prevailing Party.*

Pursuant to an unopposed motion to remand, the Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Doc. No. 21. A plaintiff obtaining a sentence four remand is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Accordingly, Plaintiff is a prevailing party in this case.

          2.     *Timely Application.*

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id*. § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, consequently, a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).

The judgment in this case was entered on October 26, 2021, and Plaintiff filed the instant motion on January 24, 2022. Doc. Nos. 22, 23. Accordingly, Plaintiff's motion is timely. *See also* Fed. R. Civ. P. 6(a)(1)(C).

    3. *Claimant's Net Worth.*

Plaintiff states that his net worth did not exceed $2 million dollars at the time the action was filed.   Doc. No. 23, at 2 ¶ 7.   This statement is uncontroverted.

    4. *Government's Position Not Substantially Justified.*

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—*i.e.* when it has a reasonable basis in both law and fact."   *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (citation and quotation marks omitted).   The Commissioner bears the burden of proving that her position was substantially justified.   *See United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).   In this case, Plaintiff argues that the Commissioner's position was not substantially justified, and the Commissioner has not argued otherwise.   Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

    5. *No Special Circumstances.*

The undersigned finds no special circumstances that would make an award of fees unjust.

**B.** **Reasonableness of EAJA Fee.**

In the motion, Plaintiff states that his counsel spent 3.6 hours litigating this case in 2021 and January 2022, as follows:

- Richard A. Culbertson, 1.3 hours at $212.05 per hour

- Sarah P. Jacobs, 2.3 hours at $212.05 per hour

Doc. No. 23, at 6, 10–11.

Plaintiff's requested hourly rate for work performed by his counsel ($212.05 per hour) does not exceed the EAJA cap of $125.00 per hour adjusted for inflation.[2] And upon consideration, the undersigned finds the number of hours of work performed by Plaintiff's counsel (3.6) reasonable, particularly in the absence of any objection from the Commissioner.  *See* Doc. No. 23, at 6, 10–11.  Accordingly, the undersigned recommends the Court find that Plaintiff is entitled to recover a total of $763.38 in attorney's fees under the EAJA.[3]

---

[2] The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI").  28 U.S.C. § 2412(d)(2)(A).  *See also* 28 U.S.C. § 2412(d)(2)(A)(ii) (Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996).  Calculations of the cost-of-living adjustment using the CPI show that the average adjusted hourly rate for 2021 is $217.54. This figure is calculated by taking the "Annual" CPI rate for 2021 and subtracting from it the March 1996 rate (270.970 – 155.7 = 115.27) and then dividing that number by the March 1996 rate (115.27 ÷ 155.7 = 0.7403).  These calculations result in the cost-of-living percentage increase from March 1996 through 2021.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.7403 × 125) + 125 = 217.54).  *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited January 25, 2022).

[3] Although Plaintiff calculates the figure at $763.37, the appropriate calculation results in a total of $763.38 (3.6 hours x $212.05 = $763.38).

### C. Assignment.

A plaintiff, not counsel, is generally entitled to receipt of an EAJA award. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).   Although Plaintiff attaches to the motion an assignment of the EAJA funds from Plaintiff to his counsel, *see* Doc. No. 23-1, in the motion, Plaintiff acknowledges that "[a]ny payment shall be made payable to Plaintiff."   *See* Doc. No. 23, at 2.   Thus, because Plaintiff does not appear to be asking the Court to honor the assignment, it poses no concerns here, and the payment should be made by the Commissioner to Plaintiff (although the government may exercise its discretion to honor the assignment, should it choose to do so).

### III. RECOMMENDATION.

Based on the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Court **GRANT** Plaintiff's Uncontested Motion for Attorney's Fees, and **AWARD** Plaintiff a total of $763.38 pursuant to the EAJA.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.   Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 27, 2022.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record